NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARREN CORTIZ DAVIS, *Appellant.*

No. 1 CA-CR 19-0698
FILED 3-30-2021

Appeal from the Superior Court in Maricopa County
No.  CR2017-129058-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Darren Cortiz Davis has advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Davis was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Davis' conviction and resulting prison sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        The State charged Davis with two Class 4 felony offenses: (1) driving under the influence while his license was suspended, cancelled, revoked or refused and (2) aggravated driving under the influence with a blood alcohol concentration (BAC) of 0.08 or more within two hours of the time of driving while his license was suspended, cancelled, revoked or refused. During trial, the parties stipulated to several facts, including that Davis' BAC was 0.232 and he knew or should have known that his license was suspended at the time of the incident. Therefore, the primary issue to be resolved at trial was whether Davis was driving the car.

¶3        In Maricopa County, in the early morning hours of June 23, 2017, 9-1-1 received a call that a car had crashed into a home. The caller, who testified at trial, heard the crash but did not see it. He described a man on the scene to the 9-1-1 dispatcher as an African American male wearing a white t-shirt, black pants and a hoodie. The caller told the dispatcher he saw the man get in and out of the car several times, then begin to jog down the road at which point police contacted him. The caller never mentioned more than one person.

¶4 Officer Rees and her patrol partner arrived at the scene two minutes after the 9-1-1 call was received. She testified that they saw a man who matched the description from the 9-1-1 call walking away from the scene. Officer Rees identified Davis as that man. At some point, Davis dropped a phone and some keys, including a car key. Officer Futrell, another responding officer, testified that the buttons on the car key Davis dropped worked on the car.

¶5 Davis testified that he was not the driver, and that the driver was another person who was also wearing a t-shirt and jeans. Davis further testified that, after the crash, the driver immediately left the scene on foot. This other individual testified at trial, and when asked if Davis was driving the car, invoked his Fifth Amendment right against self-incrimination. A friend testified that Davis called her the night of the incident and told her someone else was driving the car. The jury found Davis guilty as charged.

¶6 Given his prior criminal history, the court found Davis was a category three repetitive offender. The court sentenced Davis to mitigated, concurrent terms of 6 years in prison for each count, with 126 days' presentence incarceration credit *See* A.R.S. § 13-703(J) (2021).[1] This court has jurisdiction over Davis' timely appeal pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 This court has reviewed and considered counsel's brief and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Searching the record and brief reveals no reversible error.

¶8 The record shows Davis was represented by counsel at all critical stages of the proceedings. There was substantial evidence submitted at trial supporting Davis' convictions and sentences. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits and permissible ranges.

## CONCLUSION

¶9 Davis' conviction and resulting prison sentence are affirmed. Upon the filing of this decision, defense counsel is directed to inform Davis

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Davis shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA